IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-18-278 |
| | * | |
| JAMES BOYKIN | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

Now pending is James Boykin's pro se request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF 292). Boykin requests compassionate release on the basis that (1) his parents and three minor children need his support; (2) FCI Elkton, where Boykin is currently incarcerated, is experiencing an outbreak of COVID-19; and (3) he is a "chronic care inmate" in need of heightened medical care.

The court is not persuaded that Boykin's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i). Boykin does not allege that he is the only available caregiver for his minor children or parents,[1] and the court does not find that the fact *alone* of an outbreak at FCI Elkton is "extraordinary and compelling." Boykin asserts in his motion that he is a "chronic care inmate," (ECF 292 at 4), but he does not state whether he suffers from any underlying conditions making him more susceptible to severe illness related to COVID-19. Moreover, Boykin did not raise the issue of his own health in his request for compassionate release to the warden of FCI Elkton. (*See* ECF 303-1 (records

---

[1] The United States Sentencing Commission's Policy Statement enumerating "extraordinary and compelling reasons" warranting a sentence reduction indicates that one such reason is where the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver. U.S.S.G. § 1B1.13 cmt. n.1(C).

1

pertaining to administrative exhaustion)). To the extent he raises this issue now, it does not appear to be administratively exhausted.[2]

Accordingly, Boykin's request for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is Denied.

So Ordered this __9__ day of July, 2020.

/s/
_____
Catherine C. Blake
United States District Judge

---

[2] The court may consider a defendant's compassionate release motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).